_____

No. 95-3440
_____

United States of America,      *
                              *
         Appellee,        *
                              *
    v.                       *   Appeal from the United States
                              *   District Court for the
Advance Tool Company;        *   Western District of Missouri
William R. McGillivray,      *
                              *      [UNPUBLISHED]
         Appellants.      *

_____

Submitted:  May 22, 1996

Filed:  June 4, 1996
_____

Before McMILLIAN, WOLLMAN and MURPHY, Circuit Judges.
_____

PER CURIAM.

William R. McGillivray appeals from the final judgment of the District Court[1] for the Western District of Missouri granting the United States judgment against McGillivray in this action under the False Claims Act (FCA), 31 U.S.C. §§ 3729-3733.  For the reasons discussed below, we affirm.

The United States filed a complaint against McGillivray,[2] seeking treble damages and civil penalties under the FCA in

_____

[1]The Honorable Dean Whipple, United States District Judge for the Western District of Missouri.

[2]The district court granted the United States a default judgment against Advance Tool Co. after the company failed to file responsive pleadings.  The United States has moved to dismiss this appeal as to Advance Tool Co. because it is not represented by counsel.  We grant the motion.  See United States v. Van Stelton, 988 F.2d 70 (8th Cir. 1993) (per curiam).

connection with his shipment of counterfeit reproductions of brand-named hand tools to the General Services Administration (GSA).

After a three-day trial, the district court found that McGillivray had received orders for 73 types of tools that were to be "brand name" or "brand name or equal" products, pursuant to procedures set forth in the Federal Acquisition Regulations, 48 C.F.R., Ch. 1, Part 13 (small purchase and other simplified purchase procedures); McGillivray knew none of the 1,301 tools he furnished had been made by manufacturers as required in the orders; he knew the tools had not been submitted to GSA to evaluate whether the tools were equal to the requested brand-name tools; and thus he knew the invoices he submitted for payment were false. See 31 U.S.C. § 3729(a) and (b). The district court rejected McGillivray's contention that GSA had no authority to order brand-name tools. The district court assessed a civil penalty of $5,000 for each of the 73 types of tools and awarded judgment to the United States in the amount of $365,000.

On appeal McGillivray again challenges GSA's authority to require "brand name only" tools. We conclude the district court properly rejected this argument. The regulations state that, "[i]n small purchases, brand name policies and procedures apply to the extent practical," 48 C.F.R. § 510.004(b)(2), and that the regulations designed to promote full and open competition (which restrict brand-name purchases) do not apply to the small purchase procedures, id. § 6.001(a). McGillivray's contention that he was unaware of the requirements or was prevented from proving his tools were "equal" is contradicted by the record. Moreover, the lack of either notice of rejection or actual rejection of his tools is not a defense to McGillivray's liability for submitting a false claim. Cf. United States v. Aerodex, Inc., 469 F.2d 1003, 1009 (5th Cir. 1972) (government's failure to inspect does not insulate defendant from liability under FCA).

We conclude McGillivray has waived his venue and personal jurisdiction arguments because, by merely referencing previous pleadings in the record, he failed to comply with Fed. R. App. P. 28(a)(6) (argument must contain appellant's contentions and reasons therefor, with citations to authorities) and 8th Cir. R. 28A(j) (party may not incorporate by reference contents of brief elsewhere).  See <u>Primary Care Investors, Seven, Inc. v. PHP Healthcare Corp.</u>, 986 F.2d 1208, 1212 (8th Cir. 1993).

Accordingly, we affirm the judgment of the district court.

A true copy.

    Attest:

        CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.